IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRIDENT DEVELOPMENT COMPANY, LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 1:12-CV-02210-RWS |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for American Trust Bank, and MIDLANDS LOAN SERVICES, | : |
| Defendants. | : |

**ORDER**

This case is before the Court on Defendant Federal Deposit Insurance Corporation, as Receiver for American Trust Bank's ("FDIC-R") Motion to Dismiss [7] and Defendant Midland Loan Services' Motion to Join in the Motion to Dismiss of Defendant FDIC-R [8] (together, "Defendants' Motions to Dismiss"). After reviewing the record, the Court enters the following order.

**Background**

This case arises out of the foreclosure sale of Plaintiff Trident Development, LLC's ("Trident") property, located at 860 Warsaw Road,

Roswell, Georgia 30075 (the "Property").  Accepting the allegations in Plaintiff's Complaint (Dkt. [1-1]) as true, as the Court must on a motion to dismiss,[1] the facts are as follows.

On February 15, 2008, Plaintiff purchased the Property through a limited warranty deed.  (Compl., Ex. A, Dkt. [1-2] at 1-3).  Plaintiff entered into a loan agreement (the "Loan") with American Trust Bank ("ATB") for the principal amount of $865,000.00. (Compl., Ex. B, Dkt. [1-2] at 5.)  As security for the loan, Plaintiff executed a Deed to Secure Debt (the "Security Deed") in favor of ATB.  (Id. at 4-19.)

On February 4, 2011, the Georgia Department of Banking and Finance closed ATB, and the FDIC was named receiver by Consent Order in the Superior Court of Fulton County (the "Consent Order").  (FDIC's Mot. to Dismiss, Ex. B (the Consent Order), Dkt. [7-3].)[2]  In March of 2011, Plaintiff began negotiating with Defendants for a short sale of the Property and in

---

[1] Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] When considering a motion to dismiss, the Court may take notice of public records not attached to the Complaint, including the Consent Order in this case.  This does not convert the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

August of 2011, Plaintiff "encountered temporary difficulty making its mortgage payments." (Compl., Dkt. [1-1] ¶¶ 11-12.) An agreement between Plaintiff and Defendants for a short sale of the Property was reached around May 1, 2012. (Id. at ¶¶ 11-17.)

In March of 2012, the law firm of Sellers & Warren, P.C., (Defendants' "Foreclosure Counsel"), advertised the Property for sale through non-judicial foreclosure. (Id. at ¶ 23; Compl., Ex. C (March advertisement), Dkt. [1-2] at 20-23.) The March advertisement did not have the street address in bold type as required by O.C.G.A. § 44-14-162(a). (Id.) After Plaintiff notified Foreclosure Counsel of the deficiency, Foreclosure Counsel amended the advertisement and re-advertised the Property in May of 2012 for a June sale date. (Compl., Ex. D (May advertisement), Dkt. [1-2] at 24-27.) The Property was sold via non-judicial foreclosure on June 5, 2012. (Compl., Dkt. [1-1] ¶¶ 94-97; Pls.' Resp. in Opp. to Defs.' Mots. to Dismiss ("Pls.' Resp."), Dkt. [12] at 3.)

On June 20, 2012, Trident filed suit in state court against FDIC-R. (Compl., Dkt. [1-1].) On June 26, 2012, Defendant FDIC-R removed the case to this Court on the basis of federal question jurisdiction under 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. §1331. (Notice of Removal, Dkt. [1] ¶¶ 3-4.) Plaintiffs enumerate causes of action for: promissory estoppel (Compl., Dkt. [1-

3

1] ¶¶ 31-48), breach of contract (id. at ¶¶ 49-61), breach of oral contract (id. at ¶¶ 62-73), fraud (id. at ¶¶ 74-89), wrongful foreclosure (id. at ¶¶ 90-103), punitive damages (id. at ¶¶ 104-105), attorney fees and expenses of litigation (id. at ¶¶ 106-108), and a temporary restraining order and permanent injunction (id. at ¶¶ 109-112).  Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction.  (Dkt. [7] and [8].)

Defendants claim that Plaintiff is barred from bringing the present action because it failed to first exhaust the required administrative process.  (Br. in Supp. of Mot. to Dismiss, Dkt. [7-1] at 2.)   Specifically, Defendants allege that Plaintiff did not comply with the compulsory administrative procedures outlined in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d), for asserting a claim against the assets of a failed financial institution.  (Mot. to Dismiss, Dkt. [7] at 1.) Defendants state that they sent a "Notice to Discovered Claimant to Present Proof of Claim" (the "Notice") to Plaintiff through its counsel.  (Br. in Supp. of Mot. to Dismiss, Dkt. [7-1] at 2.)  According to Defendants, the Notice advised Plaintiff that it may "seek to come within the late-filed exception authorized by

4

12 U.S.C. § 1821(d)(5)(C)(ii) by submitting a Proof of Claim and other required documentation to the FDIC-R by October 9, 2012."  (Id.)

Plaintiff does not dispute that it has not pursued an administrative remedy.[3]  Instead, Plaintiff argues that its claims are "outside the scope of FIRREA's administrative claims process" and therefore are not barred here.  (Pls.' Resp., Dkt. [12] at 7.)  First, Plaintiff claims that FIRREA "does not provide for equitable remedies," and Plaintiff asserts that the claims and remedies it seeks are based on the Court's "equitable powers."  (Id. at 4.)  Next, Plaintiff—"in anticipation of [D]efendants' inevitable reply"—asserts that its claims fall within an exception to 12 U.S.C. § 1821(j)'s bar to injunctive relief.[4]  (Id. at 6.)  Thus, Plaintiff argues, its claims are properly before this Court.  (Id. at 6-8.)

## Discussion

### I.   Legal Standard

A federal court must dismiss an action if it finds that there is no basis for

---

[3] Nor is the Court aware of any administrative action pursued by Plaintiff in the time since the filing of Defendants' Motions to Dismiss.

[4] Defendants have not moved for dismissal under 12 U.S.C. § 1821(j) (Defs.' Rep., Dkt. [14] at 9).  Therefore, the Court need not address Plaintiff's argument relying on exceptions to § 1821(j).

5

federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3). Attacks on subject matter jurisdiction may come in two forms: (1) "facial attacks" and (2) "factual attacks." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). "Facial attacks" require a court to evaluate the complaint to determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; in evaluating such a challenge, the court must take the allegations in the complaint as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact. Id. Faced with a factual challenge, a court may consider materials outside the pleadings to satisfy itself that it has the power to hear the case. Id. In the event of a factual challenge to subject matter jurisdiction, the plaintiff bears the burden of proving the court's ability to hear the case by a preponderance of the evidence. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002). The Court must dismiss all claims for which it lacks subject matter jurisdiction.

## II. Analysis

Defendants raise both facial and factual challenges to the Court's subject matter jurisdiction. Specifically, Defendants argue (1) that 28 U.S.C. § 1821 prohibits a court from exercising subject matter jurisdiction over Plaintiff's

AO 72A
(Rev.8/82)

claims unless Plaintiff has exhausted its administrative remedies under FIRREA, and (2) that Plaintiff has not exhausted its administrative remedies. Plaintiff responds only to Defendants' facial attack, and does not allege that it has pursued, much less exhausted, any administrative remedies. Rather, Plaintiff argues that it seeks equitable remedies within the exclusive jurisdiction of the Court and outside the scope of FIRREA.

Under FIRREA, the FDIC, as receiver of a failed bank, succeeds to "all rights, titles, powers, and privileges" of the failed institution. 12 U.S.C. § 1821(d)(2)(i). Once appointed receiver, the FDIC must publish a notice to any creditors of the failed institution, providing at least ninety days for potential claimants to submit their claims. 12 U.S.C. § 1821(d)(3)(B)(I). Once a claim is submitted, the FDIC-R has 180 days to review and rule on the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If a claim is denied by the FDIC, the claimant may appeal the denial through either the administrative or judicial process. 12 U.S.C. § 1821(d)(6)-(7).

The administrative review process is mandatory for all claims covered by FIRREA. Failure to exhaust the FDIC's process divests district courts of subject matter jurisdiction to hear FIRREA-covered claims. McMillian v. F.D.I.C., 81 F.3d 1041, 1045 (11th Cir. 1996). Plaintiff does not allege that it

7

submitted any administrative claims to the FDIC.  (See generally, Compl., Dkt. [1-1]; Pls.' Resp., Dkt. [12].)  Consequently, the key question here is whether Plaintiff's claims fall within the scope of FIRREA.  If the claims do fall under FIRREA, the Court is without jurisdiction to hear them.

Defendants assert that the plain language of FIRREA bars Plaintiff's claims from being heard by this Court.  Specifically, Defendants rely on the "Limitation on Judicial Review" provision under FIRREA, which provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver;
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

This section divests district courts of jurisdiction over, *inter alia*, "requests for relief which can be characterized as . . . actions seeking a determination of rights with respect to the assets of such depository institutions and . . . claim[s] relating to any act or omission of such institution or the [FDIC] as receiver." Am. First Fed., Inc., v. Lake Forest Park, Inc., 198 F.3d 1259,

8

1263 (11th Cir. 1999). The Property, Defendants argue, is rightfully considered an asset of the FDIC-R and therefore, Plaintiff's claims related to the Property are subject to FIRREA's jurisdictional bar.

The Court agrees with Defendants' assertion that claims for equitable relief – so long as they are related to an asset of the failed institution – do not bypass FIRREA's compulsory administrative process.[5] In <u>Bank of America, N.A. v. Colonial Bank</u>, 604 F.3d 1239, 1241 (11th Cir. 2010), which followed the collapse of Colonial Bank and the FDIC's appointment as its receiver, Bank of America filed a lawsuit in federal district court alleging that Colonial Bank (and later FDIC-R) refused to return mortgage loans to which Bank of America had legal title. The district court enjoined the FDIC-R from taking any action with respect to the mortgage loan assets. <u>Id.</u> On appeal, the Eleventh Circuit held that the district court erred because 12 U.S.C. § 1821(j) stripped the district court of jurisdiction to issue an injunction against the FDIC-R. <u>Id.</u> While the Eleventh Circuit "decline[d] to consider the parties' arguments with respect to

---

[5] As an initial matter, Defendants state that "the notion that Trident's claims are purely in the nature of equitable relief is quickly disproved by the pleading itself." (Defs.' Rep., Dkt. [14] at 2.) The Court agrees. Plaintiff's complaint requests money damages, both compensatory and punitive. (Compl., Dkt. [1-1] ¶¶ 4-8 at 23 of 25.) Accordingly, Plaintiff's characterization of its claim as simply "seeking to set aside a wrongful foreclosure of Plaintiff's property" is belied by the Complaint. (Pl's Resp., Dkt. [12] at 4.)

9

§ 1821(d)(13)(D)," it stated that Bank of America's claim "is one that can and should be pursued through the administrative claims process." Id. at 1245 (citing 12 U.S.C. § 1821(d)(13)(D)). Additionally, the Bank of America court noted that "our sister circuits have held that all manner of claims are appropriate for resolution through the administrative claims process," including claims for equitable relief. Id. at 1246.[6]

Plaintiff contends that its claims are "very similar" to claims that other circuits have found are not subject to FIRREA's administrative requirements. Specifically, Plaintiff relies on Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269 (10th Cir. 1994), and Rosa v. Resolution Trust Corp., 938 F.2d 383 (3d Cir. 1991). (Pl.'s Resp., Dkt. [12] at 5.) Defendants assert, however, that these cases are unique, distinguishable, and not controlling in this circuit. (Defs.' Rep., Dkt. [14] at 5-7.) The Court agrees with Defendants.

---

[6] The circuit cases relied upon by the court include: Freeman v. FDIC, 56 F.3d 1394, 1399 (D.C. Cir. 1995) ("aggrieved parties will have opportunities to seek money damages or other relief through the administrative claims process provided in 12 U.S.C. § 1821(d)") (emphasis added); Henderson v. Bank of New England, 986 F.2d 319, 321 (9th Cir. 1993) (§ 1821(d)(13)(D) barred judicial consideration of both monetary and non-monetary claims because both "are susceptible of resolution through the claims procedure"). 604 F.3d at 1246.

10

First, in Homeland Stores, the Tenth Circuit held that claims arising from "management actions" taken by the Resolution Trust Corporation ("RTC")[7] were not subject to FIRREA's administrative claims process and § 1821's jurisdictional bar. 17 F.3d at 1274. However, as Defendants note, the Tenth Circuit's decision is a minority view that has been rejected by the Eleventh Circuit. See Stamm v. Paul, 121 F.2d 635, 641 (11th Cir. 1997) (declining to follow Homeland Stores).[8] Therefore, the Court is not persuaded by Plaintiff's reliance on Homeland Stores.

Second, Plaintiff argues that its claims are similar to those in Rosa, 938 F.2d 383. In Rosa, the Third Circuit concluded that a claim for an injunction prohibiting retroactive termination of an Employee Retirement Income Security Act ("ERISA") pension plan was not barred by § 1821(d)(13)(D)(ii) because

---

[7] FIRREA made FDIC regulations applicable to the RTC. Consequently, "the law concerning the RTC often informs its analogue in the FDIC context, and vice versa." Casey v. FDIC, 583 F.3d 586, 591 (8th Cir. 2009).

[8] See also BHC Interim Funding II, L.P. v. FDIC, 851 F. Supp. 2d 131, 137 (D.D.C. 2012) for a discussion of split among circuits that have addressed the issue of whether § 1821 requires plaintiffs to submit for administrative determination claims based upon the FDIC's conduct as receiver (citing Vill. of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 387 (6th Cir.2008); McCarthy v. FDIC, 348 F.3d at 1081 (joining "the majority of courts in holding that claimants ... who challenge conduct by the FDIC as receiver[ ] must exhaust administrative remedies before seeking judicial review"); Stamm v. Paul, 121 F.3d at 639-42; Home Capital Collateral, Inc. v. FDIC, 96 F.3d 760, 763-64 (5th Cir.1996); Hudson United Bank v. Chase Manhattan Bank, 43 F.3d 843, 848â€'49 (3d Cir.1994)).

11

the claim was not "susceptible of resolution through the claims procedure." 938 F.2d at 395. The court reasoned:

> The claims procedure provides RTC with the authority to "determine claims," 12 U.S.C.A. § 1821(d)(3), to "allow" and "disallow" claims, Id. § 1821(d)(5)(B), (C)(i), (D), and to "pay creditor claims," Id. § 1821(d)(10)(A). We are at a loss to understand how RTC would "determine," or "allow" or "disallow," a claim seeking an order barring retroactive termination of the plan, or how it would "pay" such a claim if allowed.

Id. at 394-95. Defendants assert that in this case, unlike Rosa, FDIC-R "*does* have the ability to satisfy Trident's claim." (Defs.' Rep., Dkt. [14] at 5.) Defendants represent that FDIC-R "could correct the title to the property to reflect Trident's ownership" if "Trident is correct that the purportedly wrongful foreclosure must be set aside." (Id.) The Court has no reason to doubt that these claims can be addressed through the administrative process and is therefore unpersuaded by Plaintiff's reliance on Rosa.

Finally, although Plaintiff asserts that its "claims are unremedied by the FDIC claims process," the Court notes that Plaintiff has not yet *attempted* to seek a remedy through the administrative process. (Pl.'s Resp., Dkt. [12] at 6). As the Eleventh Circuit noted in Bank of America, if Plaintiff's claims "[are] as clear as its assertions indicate, it is probable that its claim[s] will be honored in

12

the administrative claims process." 604 F.3d at 1247.  If its claims are not addressed, once Plaintiff exhausts FIRREA's process, it has a "statutory right to *de novo* review in federal district court." Id. (citing 12 U.S.C. § 1821(d)(6), (d)(7)(A)).  Until Plaintiff exhausts the administrative process, however, this Court lacks jurisdiction to hear Plaintiff's claims, and they must be **DISMISSED**.

## Conclusion

Because the Court does not have subject matter jurisdiction to hear this case, Defendant Federal Deposit Insurance Corporation, as Receiver for American Trust Bank's Motion to Dismiss [7] is **GRANTED.**  Defendant Midland Loan Services' Motion to Join in the Motion to Dismiss of Defendant Federal Deposit Insurance Corporation, as Receiver for American Trust Bank [8] is also **GRANTED.**

**SO ORDERED**, this  26th  day of March, 2013.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)